## JOHN H. SHATTUCK vs. EDMUND TRAIN.

Suffolk.   November 11. — 12, 1874.   WELLS & DEVENS, JJ., absent.

A witness called as an expert upon the value of the plaintiff's services as a book-keeper for the defendant, testified in his preliminary examination that he had been twenty-five years an accountant; that he knew the plaintiff fifteen years before, and knew him to be an able book-keeper, but that he had not known of him for eight or nine years; that he himself had been employed as a book-keeper for three firms whose business was from $1,000,000 to $1,500,000 a year, but was a different kind of business from that of the defendant; that twenty years before he had sold goods to the defendant, and had then a general knowledge of the character and extent of his business; and that he had acted as an expert accountant. No objection was made to the testimony as relating to a subject on which the opinions of witnesses were inadmissible. *Held,* that no exception lay to the rulings of the presiding judge that the witness was an expert, and allowing him to answer the question what was a fair compensation for the services of a competent accountant in keeping the books in a business of the character of the defendant's amounting to about $160,000 a year, and to state, after an examination of the defendant's books in court, what was a fair compensation for keeping books of that character, and the usual charge per day for the services of an accountant in fixing up complicated accounts.

CONTRACT to recover for services rendered to the defendant by the plaintiff, as a book-keeper, from September, 1871, to February, 1872.   There was a count upon a special contract, and one upon a *quantum meruit.*

At the trial in the Superior Court, before *Rockwell,* J., it appeared that the defendant was a wholesale and retail trader in flour, grain and groceries, in East Cambridge.   The only evidence respecting the amount of his business during the time of the plaintiff's employment was given by the plaintiff, who said he supposed it was about $150,000 to $160,000 per annum, and by the defendant, who said it did not exceed $60,000 per annum.   The plaintiff called Orin E. Downing, who testified that his occupation was that of an accountant, and had been for twenty-five years or more; that he knew the plaintiff fifteen or sixteen years ago, and knew him to be an able book-keeper, but had not known of him for eight or nine years; that he, the witness, had been in the employ of Snow & Rich, Isaac Rich & Co., and Franklin Snow & Co.; that all these firms were engaged in the wholesale fish and shipping business in Boston, and that the annual business of each of them was from $1,000,000 to $1,500,000; that he had never been in the defendant's place of business, but sold him

goods about twenty years ago, and at that time had a general knowledge of the extent and character of his business; that he was never employed as book-keeper by any other parties, but had latterly acted as expert accountant. This was the only evidence of his qualifications as an expert. The plaintiff then asked the witness what, in his judgment, was a fair compensation for the services of a competent accountant in keeping the books in a business of the character of the defendant's, amounting to about $160,000 a year. To this question the defendant objected, on the ground that the witness was not qualified; but the question was admitted. The witness was further asked, against the plaintiff's objection, to examine the defendant's books kept by the plaintiff, which were produced in court, and state what was a fair compensation for keeping books of that character, and also what was a reasonable and usual charge per day for the services of an accountant in fixing up complicated accounts. These questions were admitted. The jury found for the plaintiff, and the defendant alleged exceptions to the above rulings.

*R. M. Morse, Jr.*, for the defendant, cited *Lawton* v. *Chase*, 108 Mass. 238; *Lincoln* v. *Barre*, 5 Cush. 590.

*J. W. Hubbard*, for the plaintiff.

By THE COURT. The only objection which appears by the bill of exceptions to have been made at the trial was to the qualifications of the witness as an expert, (assuming the matter inquired of to be a subject on which the opinions of witnesses were admissible,) and his testimony on the preliminary examination warranted the presiding judge in deciding that he was so qualified. It does not appear that any of the questions admitted were inapplicable to the facts before the jury.

*Exceptions overruled.*